# NAPOLI SHKOLNIK LLC
### ATTORNEYS AT LAW

R. Joseph Hrubiec, Partner
RHrubiec@NapoliLaw.com

December 27, 2018

VIA E-FILING AND HAND DELIVERY
The Honorable Colm F. Connolly
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

    Re: Klein v. Sprint Corp.
        Case No. 1:18-cv-01551-CFC

Dear Judge Connolly:

    With respect to the Court's Order dated December 14, 2018, Plaintiff's counsel thought it would be helpful to submit this letter to provide responses to the issues raised by the Court in advance of the in-court conference set for January 31, 2019.

    Regarding the Court's inquiry identified in the Order, the Parties' Stipulation was filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Rule 41(a)(1)(A) provides:

> Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> (ii) a stipulation of dismissal signed by all parties who have appeared.

    Thus, the filing of a stipulation of dismissal executed by the appearing parties is sufficient to effectuate the dismissal of an action before a federal court absent any entangling issues under Rule 23 or Rule 66.[1] See *First Nat. Bank of Toms River, NJ. v. Marine City, Inc.*, 411 F.2d 674, 677 (3d Cir. 1969).

---

[1] To the extent that the filing of the stipulation of dismissal sought the approval of the Court, it did so merely out of respect for the Court (as some members of the Court prefer) and not because of a requirement under Rule 41.

There are no Rule 23 complications here, because court approval of a dismissal of a class action is only required where there is a "certified class" and the dismissal "would bind class members." See Fed. R. Civ. Pro. 23(e). Prior to 2003, Rule 23(e) prohibited dismissal or compromise of a "class action" without court approval. Because the Rule made no distinction between dismissals before or after certification, courts in the Third Circuit previously held that court approval was required if a class had not yet been certified. See e.g., *In re Nazi Era Cases Against German Defendants Litig.*, 198 F.R.D. 429, 439 (D. N.J. 2000). Rule 23 was amended in 2003, however, to require court approval only if the case involved "a certified class."

The Advisory Committee's notes explain that:

> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be—and at times was—read to require court approval of settlements with putative class representatives that resolved only individual claims. . . . The new rule requires approval only if the claims, issues or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.

Fed. R. Civ. P. 23 (Advisory Committee Notes to 2003 Amendments) (emphasis added).

Because there was no certified class here (and not even an alleged putative class), no court approval is required for dismissal. Hence, the dismissal of the action was effective upon the filing of the Stipulation, and, as Rule 41(a) states, "without a court order." *Kaszovitz v. Qiao Xing Universal Res., Inc.*, No. 12 CIV. 3745 RWS, 2012 WL 3224341, at *4 (S.D.N.Y. Aug. 7, 2012) ("Accordingly, when it comes to potential (as opposed to certified) class members, no court approval is necessary to effectuate a plaintiff's voluntary dismissal of his claim pursuant to Rule 41(a)(1).").

Second, no class notice is required here under Rule 23. Paragraph 2 of the Stipulation states that "Because the dismissal is with prejudice as to plaintiff only, and not on behalf of any putative class, notice of this dismissal is not required."

Rule 23(e) requires that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e). Because there is no certified class here, and no class members are bound by the agreement among the parties, notice is not required.

Moreover, this action was not brought or pled as a putative class action. Rather, it was pled as a simple individual claim with no class allegations. Thus, Rule 23 has no applicability to this action, and there is no basis to notify any class under these circumstances.

For the foregoing reasons, it is respectfully suggested that the Court need not comply with Rule 23(c) in connection with the dismissal of these claims. See *Walsh v. Great Atl. & Pac. Tea Co.*, 726 F.2d 956, 962 (3d Cir.1983) ("The action was not certified under Rule 23(b)(3).

Thus the stringent requirement of Rule 23(c)(2) . . . is inapplicable.");[2] *Mortland v. Aughney*, No. C 11-00743 WHA, 2011 U.S. Dist. LEXIS 74505, at *7-8 (N.D. Cal. July 6, 2011) ("FRCP 23(c)(2)(B) only requires notice to certified classes.").

In sum, because no absent class members' rights are affected in any way by the stipulation before the Court, the Stipulation was self-effectuating and there is no reason to order notice to any of Sprint's shareholders. Defendants agree with this conclusion. We hope this letter addresses the concerns that the Court was going to discuss at the scheduled status conference.

If the Court has any further questions or directions for the parties, we are, of course, at the Court's disposal.

Respectfully,

R. Joseph Hrubiec
DE Bar ID No. 5500

cc: All Counsel of Record (via CM/ECF)

---

[2] Rule 23 has since been amended, and the notice requirements are in Rules 23(c) and (e).